IN THE MATTER OF: THE APPEAL OF NORTH CAROLINA SAVINGS AND LOAN LEAGUE AND BURKE COUNTY SAVINGS AND LOAN ASSOCIATION FROM JUDGMENT OF CREDIT UNION COMMISSION IN CONTESTED CASE RELATING TO BYLAWS OF STATE EMPLOYEES' CREDIT UNION AND NORTH CAROLINA BANKERS ASSOCIATION, INC., PETITIONER v. NORTH CAROLINA CREDIT UNION COMMISSION AND ROY D. HIGH, ADMINISTRATOR OF CREDIT UNION, RESPONDENTS

No. 7910SC515

(Filed 5 February 1980)

**Banks and Banking § 1— public employees—common bond of similar occupation— State Employees' Credit Union—inclusion of local government employees**

All public employees, whether employed by a state, county or local governmental unit, share a "common bond of similar occupation" within the meaning of G.S. 54-109.26 since they all serve the public and are all paid from public funds generated by taxing the citizenry. Therefore, the N. C. Credit Union Commission properly approved an amendment to the bylaws of the State Employees' Credit Union permitting an expansion of the field of membership to include certain county and municipal employees.

APPEAL by respondents from *Braswell, Judge.* Judgment entered 10 January 1979 in Superior Court, WAKE County. Heard in the Court of Appeals on 10 January 1980.

This case arises from a decision of the North Carolina Credit Union Commission on 10 August 1978 whereby it approved an amendment to the bylaws of the State Employees' Credit Union allowing an expansion of the field of membership to include additional municipal and county employees. The bylaw as amended provides as follows:

The field of membership shall extend to those having the following common bond: employees of governmental units in North Carolina whose employees are covered under a retirement system administered by the State of North Carolina; Federal employees working in conjunction with these governmental units; employees of agencies or departments whose employees are subject to the State Personnel Act; employees of associations formed for the benefit of the above persons; unremarried spouses of persons who died while in the field of membership; persons retired from any of the above as pensioners and/or annuitants; members of their immediate families and organizations of such persons . . . .

Excluded from eligibility for membership are government employees who "currently have a credit union chartered by North Carolina or the Federal Government and who are included in that field of membership . . . ." The effect of the amendment is to include in the field of membership, along with State government employees previously eligible, those local government employees who participate in retirement systems administered by the State, and those federal employees working in conjunction with them. The Commission approved the amendment following hearings conducted pursuant to a request by the North Carolina Bankers' Association which was joined by the North Carolina Savings and Loan League and the Burke County Savings and Loan Association. Intervening in support of the amendment were the State Employees' Credit Union, the North Carolina Association of County Commissioners, and the North Carolina League of Municipalities.

From the decision of the Commission, the Bankers' Association, Savings and Loan League, and Savings and Loan Association [hereinafter petitioners], pursuant to G.S. § 150A-43, filed petitions for review in superior court and argued that the additional membership contemplated by the amendment enjoyed no "common bond" with State employees as required by G.S. § 54-109.26. Judge Braswell agreed with petitioners and, from his judgment of 10 January 1979 reversing the decision of the Commission, respondents appealed.

*Jordan, Morris & Hoke, by John R. Jordan, Jr., Robert R. Price and Henry W. Jones, Jr., and Alfred P. Carlton, Jr., for the petitioner appellee North Carolina Bankers' Association, Inc.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, by L. P. McLendon, Jr. and Edward C. Winslow III, for the petitioner appellees North Carolina Savings and Loan League and Burke County Savings and Loan Association.*

*Byrd, Byrd, Ervin & Blanton, by John W. Ervin, Jr., for the petitioner appellee Burke County Savings and Loan Association.*

*Bailey, Dixon, Wooten, McDonald & Fountain, by J. Ruffin Bailey and Gary S. Parsons, for the respondent appellant State Employees' Credit Union.*

*Thomas L. Barringer for the respondent appellant North Carolina Credit Union Commission and Roy D. High, Administrator of Credit Unions.*

*C. Ronald Aycock for the respondent appellant North Carolina Association of County Commissioners.*

*Ernest Ball for the respondent appellant North Carolina League of Municipalities.*

HEDRICK, Judge.

With respect to the review in Superior Court of a final agency decision, the Administrative Procedure Act provides:

The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the agency findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional provisions; or

(2) In excess of the statutory authority or jurisdiction of the agency; or

(3) Made upon unlawful procedure; or

(4) Affected by other error of law; or

(5) Unsupported by substantial evidence admissible under G.S. 150A-29(a) or G.S. 150A-30 in view of the entire record as submitted; or

(6) Arbitrary or capricious.

If the court reverses or modifies the decision of the agency, the judge shall set out in writing, which writing shall become a part of the record, the reasons for such reversal or modification.

G.S. § 150A-51.

In reversing the decision of the Credit Union Commission, Judge Braswell included among his reasons the following:

17. There is no common bond justified in the Judgment. The purported common bond in this bylaw is in violation of G.S. § 54-101.26 [sic]. The action of the Commission in the approval of the bylaw in the absence of common bond amounts to and is an unlawful discrimination against each of the petitioners in violation of the 14th Amendment of the United States Constitution and Article I, Section 19 and Article V, Section 2 of the North Carolina Constitution.

18. Therefore, the Judgment of August 10, 1978 of the Credit Union Commission of the State of North Carolina is reversed because it is in violation of Constitutional law. It is in excess of statutory authority. It is unsupported by the findings of fact in the Judgment from which the appeal is taken. The bylaws' purported inclusion of new members by amendment to the bylaw was arbitrary.

For purposes of this appeal, we interpret the foregoing to constitute the single conclusion on Judge Braswell's part that no common bond existed between the members of the State Employees' Credit Union as it was composed prior to the amendment and the proposed additional members subsequent thereto. Thus, our inquiry, as all the parties agree, is simply whether the membership of the State Employees' Credit Union as enlarged by the amendment meets the "common bond" requirement of G.S. § 54-109.26 (1979 Cum. Supp.), which provides:

*"Membership" defined.* — (a) The membership of a credit union shall be limited to and consist of the subscribers to the articles of incorporation and *such other persons within the common bond set forth in the bylaws* as have been duly admitted members, have paid any required entrance fee or membership fee, or both, have subscribed for one or more shares, and have paid the initial installment thereon, and have complied with such other requirements as the articles of incorporation or bylaws specify.

(b) Credit union *membership may include groups having a common bond of similar occupation, association or interest,* or groups who reside within an identifiable neighborhood, community, or rural district, or employees of a common employer, and members of the immediate family of such persons.

[Our emphasis.] If the requirement is met, the bylaw as amended is not repulsive on constitutional grounds.

A straightforward reading of the statute evinces a clear legislative intent to invest the credit union incorporators with the prerogative to establish and describe the "common bond" of its members within the bounds of the three permissible groups described in subsection (b). That is, the "common bond" contemplated by subsection (a) will exist if the group to be included in the field of membership is united by (1) "similar occupation, association or interest"; or by (2) residence in "an identifiable neighborhood, community, or rural district"; or by (3) employment by a common employer. The resolution of the issue in the present case boils down, we think, to a determination whether *public* employees, regardless which unit of government—state, county, or local— employs them, nevertheless share a "common bond" of "similar occupation, association or interest." We think they do.

In our opinion public employees are united by the common bond of similar occupation for the simple reason that they are all employed in the service of the community, whether that community be narrowly defined as is the case with local public employees, or broadly delineated as in the case of State public employees. They all occupy positions in public service. Moreover, such employees are all paid from public funds generated by taxing the citizenry. They serve the public; the public pays their salaries. These two characteristics are common to the membership as envisaged by the amendment to the bylaw in question here. We hold that these factors in particular provide sufficient similarity of occupation, despite the individual place and position of the employee, to meet the "common bond" requirement of G.S. § 54-109.26.

Petitioners would have us narrowly construe "similar occupation" so that only individuals who perform almost identical jobs could qualify for membership in the same credit union. They support their construction of the statutory language with observations such as, "[A] liquor clerk employed by an ABC board in Avery County has nothing in common with a Greek professor employed by a State-supported university in New Hanover County." The fallacy of petitioners' approach to defining "similar occupation" by reference to job description becomes obvious when

we examine the composition of the Credit Union prior to the amendment. If petitioners' logic were to prevail, the Chief Justice of our Supreme Court, a State government employee, would have nothing in common with an orderly at Dorothea Dix Hospital, also a State government employee. Yet, by virtue of their occupational status as State government employees, both have been eligible for membership in the State Employees' Credit Union since its creation. On the other hand, a State highway patrolman would have more in common, as far as employment description, with a county sheriff than he would have with a Greek professor at a State-supported university. But, as petitioners see it, the State patrolman and the county sheriff are not eligible for membership in the same credit union. When viewed in this light, petitioners' position regarding the meaning of "similar occupation" defeats their purported purpose to prove that local and county governmental employees enjoy no "common bond" of similar occupation with State government employees.

We think that these illustrations, however, reinforce our interpretation of "similar occupation" and serve to further clarify what factors are significant in determining whether certain employees share a similar occupation to the extent that a common bond is established among them.

We agree that that part of the amendment which stipulates that only those employees "covered under a retirement system administered by the State of North Carolina" will be eligible for Credit Union membership does not provide the requisite common bond within the meaning of the statute. We believe this provision was intended to, and does, limit the membership since there will be local government employees who do not belong to such a system.

For the reasons stated, the judgment of the Superior Court is reversed. The proceeding is remanded to that court for the entry of an Order affirming the decision of the Commission.

Reversed and remanded.

Judges MARTIN (Robert M.) and WELLS concur.